# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

| | |
|---|---|
| NANCY TOWNSEND, | PLAINTIFF |
| V. | NO. 2:06CV70-P-B |
| HORSESHOE CASINO, | DEFENDANT |

## **O P I N I O N**

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff files this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff states that she was convicted by a court-martial in Aviano Air Base in Italy in August 1994. As part of her punishment, she was sentenced to 13 years confinement. She was paroled in January 2001. One of the conditions of her parole was that she not travel out of the Nashville, Tennessee, area - where she was living - without the permission of her parole officer. She went to the Horseshoe Casino in Robinsonville, Mississippi, in March 2003, and enrolled in the slot club. She visited the casino on several occasions between March 2003 and May 2004. At some point the plaintiff's boy-friend told her parole officer that she had been visiting the casino without permission being given to leave the Nashville area. The parole officer telephoned the Horseshoe and was provided information from a casino employee that plaintiff was a member of the slot club and that she had used the slot club card in the casino on certain dates during the period in question. This information was then used as a basis to show the plaintiff had violated the conditions of her parole. As a result, her parole was revoked and she is now in a federal correctional institution. She alleges that the defendant Horseshoe Casino had no right to share the information about her visits with her parole officer since he did not have a subpoena.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.).

The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

If plaintiff is successful in the instant case she would clearly be entitled to accelerated release. Therefore, she must obtain habeas corpus relief before bringing suit pursuant to § 1983, and this case must be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Additionally, it is clear from the allegations of the complaint that the defendant is not a state actor nor are there any allegations which establish that defendant is a state actor. In order to have a cause of action under 42 U.S.C. § 1983, the defendant must act "under color of state law."[1] Under *Dennis v. Sparks*, 449 U.S. 24 (1980), the Supreme Court held that a defendant does not have to be

---

[1] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . .

2

an officer of the state to act "under color of state law" to be liable under § 1983. The action by a private person must be fairly attributable to the state for the challenged conduct to fall within 42 U.S.C. § 1983. *Barnes v. Lehman*, 861 F.2d 1383, 1386-88 (5th Cir. 1988). Under these allegations, plaintiff makes no claim that the defendant acted as a state official nor that the defendant conspired with a state official in allegedly depriving him of any constitutional right. Therefore, plaintiff has no cause of action against this defendant under 42 U.S.C. § 1983.

Finally, the defendant had no duty to refuse to share plaintiff's slot club information with law enforcement authorities and plaintiff had no expectation that the information would be withheld. Accordingly, plaintiff had no constitutional right to have her information kept private and has no constitutional claim against the defendant.

A final judgment in accordance with this opinion will be entered.

THIS the 30th day of May, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE